*In re* ESTATE OF LESTER H. LEWIS, Deceased—(PAULA SWEAT, Adm'rx, Petitioner-Appellee, *v.* DORIS LEOLA DALE, Guardian, Respondent-Appellant.)

(No. 73-412; )

Fifth District—April 23, 1974.

Hancock & Ferguson, of Harrisburg, for appellant.

Boswell & Ferguson, of Harrisburg, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Lester H. Lewis died intestate leaving an estate of roughly $26,000. Decedent left no surviving spouse, being divorced, but is survived by one minor child and two children who have reached majority. Under the divorce decree, Steven, the minor, had been receiving $10 per week from the decedent.

A petition was filed by the administrator of the estate to set the allowance afforded by the Probate Act (Ill. Rev. Stat., ch. 3, sec. 179). The trial court found the minor son was entitled to an allowance of $1000 for his support for 9 months, plus an amount equal to the child support for which the decedent would have been obligated from the date of the hearing until the child's 18th birthday, to wit: 116 weeks at $10 per week or $1,160. Therefore, the total award was $2,160.

Appellant, guardian of the minor child, asserts that the child should have been granted at least $6,000 under section 179 of the Probate Act. The important language of this section is:

"If a deceased resident of this State leaves no surviving spouse, there shall be allowed to all children of the decedent who were minors at the date of death * * * such a sum of money as the court deems reasonable for the proper support of such children * * * in a manner suited to the condition in life of such children and to the conditions of the estate. The award shall in no case be less than $1000 for each such child, together with an additional sum not less than $5000 which additional sum shall be divided equally * * *."

It is appellant's position that section 179 of the Probate Act is plain and unambiguous and needs no rules of construction. The appellee's position is that the courts are invested with discretion and the court is to fix the award in light of the condition of the estate and needs of the minor child.

■■ There is no doubt in this court's mind that section 179 must be

followed along the lines suggested by the appellant. If the deceased leaves no surviving spouse but there are minor children surviving, the court must leave $1000 for each minor child for the period of 9 months after the death of the decedent, plus not less than $5000 to be equally divided or apportioned among such children as the court directs. The discretion of the court is that it may leave more than the amount specified in the statute. There is no interpretation whereby the court leaves less than this amount as a child's award if the money exists in the estate.

The support order in an old divorce decree is of no legal effect after the death of one of the parties. The support order at the death of Lester Lewis became a nullity and unenforceable against his estate except for those amounts which had accrued prior to the date of his death. The fact that decedent had been obligated to pay $10 a week in child support is of no moment in this case. None of the cases cited by appellee are directly on point and no relevant cases construing section 179 have been found.

In this case, the statute shows a legislative intent to place a minimum limit on the award, regardless of the condition of the estate. The Circuit Court of Saline County was bound to follow section 179 of the Probate Act and award the sums of $1000 and $5000 to the minor child for a minimum award. Therefore, the order of December 7, 1973, is reversed insofar as it only awarded $2,160 instead of the minimum $6000 required by section 179 of the Probate Act, and the cause is remanded to award the minor a sum of not less than $6000.

Reversed and remanded with instructions.

G. MORAN, P. J., and CREBS, J., concur.