DOLORES POTOCKI, Plaintiff-Appellee, *v.* JAMES POTOCKI, Defendant-Appellant.

First District (5th Division)    No. 80-2717

Opinion filed July 17, 1981.

William M. Freeman & Associates, Ltd., of Lansing, for appellant.

Michael M. Resney, of Law Offices of Darryl R. Lem, of Calumet City, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant James Potocki appeals from an order of the trial court in post-judgment proceedings following his divorce from plaintiff Dolores Potocki. The order required defendant to make continued maintenance payments to plaintiff and additionally to contribute toward the expenses of their only child's college education.

The issues raised on appeal are: (1) whether the trial court properly construed as ambiguous certain portions of the property settlement agreement entered into by the parties and incorporated into the divorce decree; (2) whether the order of the court was against the manifest weight of the evidence.

On July 19, 1976, in anticipation of their upcoming divorce, plaintiff and defendant executed a property settlement agreement. The agreement had been prepared by plaintiff's attorney, and its execution took place in the latter's office. Defendant was not represented by counsel at the signing, nor during any preliminary negotiations between the parties. The settlement agreement provided in pertinent part:

"3. The Defendant shall pay the Plaintiff the sum of ONE HUNDRED FIFTY and No/100 ($150.00) DOLLARS per week, which shall be a combination of alimony and child support."

The next day plaintiff filed suit for divorce. Defendant filed a *pro se* appearance. The parties stipulated that the cause was to be heard "as in the case of a default." A prove-up of plaintiff's complaint was had on September 9, 1976, and a decree incorporating the settlement agreement and approved by defendant and plaintiff's attorney was entered on November 1, 1976.

In September 1979, James S. Potocki, the only child born to the parties, enrolled as a full-time student at the University of Illinois at Champaign-Urbana. Defendant continued to make payments of $150 to the plaintiff but made no direct payments toward the college expenses incurred by their son.

On December 1, 1979, the son turned 18 years of age and defendant ceased making any payments to plaintiff.[1] Plaintiff filed a petition for rule to show cause alleging that as of January 18, 1980, defendant was in arrears of the sum of $1200. The petition also requested entry of an order requiring defendant to contribute to the college educational expenses of their son.

[1] As of December 1, 1979, defendant was in arrears in his weekly payment of the sum of either $100 or $160. The record does not establish which of these two figures is correct.

On January 29, 1980, defendant, represented by counsel, filed a petition to modify decree seeking termination of the alimony and child-support payment. Defendant contended that it was the intention of the parties that the $150 payment provided for in the settlement agreement was child support, terminable upon the son's majority. An *ex parte* hearing on both petitions was held on July 1, 1980, as neither defendant nor his counsel appeared. The court after hearing plaintiff testify entered an order finding for plaintiff on all issues. However, that order was subsequently vacated. Following additional hearings on both petitions, the court entered another order on September 18, 1980. In that order the court specifically found that the alimony and child-support provision of the settlement agreement was ambiguous; that defendant's contention of intent was not supported by the evidence; that defendant was in arrears of maintenance from December 1, 1979, totalling $6300 (42 weeks at $150 per week); that defendant's reasonable contribution toward his son's 1979-80 college expenses was $2200; and that defendant's reasonable contribution toward his son's future college expenses would be $70 per week. The court then ordered defendant to pay plaintiff $8500 in arrearages at $150 per month; $150 per week in maintenance; and $70 per week for a total of $3640 per year toward the son's college education. Defendant's petition to modify alimony was denied and the issue of plaintiff's attorney's fees reserved. Plaintiff appeals from this order.

Opinion

■■ Preliminarily we note that although the parties' divorce decree was entered prior to the effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*), that act applies to this post-decree proceeding. (Ill. Rev. Stat. 1979, ch. 40, par. 801(c); *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31.) Furthermore, the power of the court to modify periodic payments of maintenance and child support is not diminished because the amount of payments was fixed by a settlement agreement agreed to by the parties and incorporated in the decree. *Lamp v. Lamp; Herrick v. Herrick* (1925), 319 Ill. 146.

It was defendant's contention at trial and remains defendant's contention on appeal that paragraph 3 of the settlement agreement incorporated in the divorce decree is ambiguous because the $150 alimony and child-support payment is unallocated and further because the provision is silent as to the effect of the child's majority upon the payment of that sum. Defendant asserts that the $150 payment was intended to be child support only, completely terminable upon the child's majority.

Plaintiff countered at trial and continues to do so on appeal that the

agreement was not ambiguous and the payments were to continue by operation of law as alimony upon the child's majority.

The trial court reserved its ruling on the alleged ambiguity of the provision and allowed extrinsic evidence to be introduced by both parties as to their intention in using the expression "a combination of alimony and child support."

■■■ We disagree with the learned trial judge that extrinsic evidence was necessary to determine the intention of the parties in the instant case. The intention of the parties is to be determined from the instrument itself and the use of parol evidence is neither necessary nor proper where an agreement is unambiguous. (*Weber v. Weber* (1979), 77 Ill. App. 3d 383, 396 N.E.2d 43.) Whether or not an agreement is ambiguous is a question of law to be determined by the court. (*Weber.*) An instrument is ambiguous if it is susceptible of being interpreted in more than one sense. (*In re Marriage of Kekstadt* (1980), 85 Ill. App. 3d 952, 407 N.E.2d 746.) The meaning of the challenged language in paragraph 3 providing for an unallocated payment of alimony and child support is evident and not susceptible to diverse interpretation. (*In re Marriage of Adams* (1981), 92 Ill. App. 3d 797, 416 N.E.2d 316; contra, *Claflin v. Claflin* (1980), 82 Ill. App. 3d 246, 402 N.E.2d 673, *cert. denied* (1980), ___ U.S. ___, 66 L. Ed. 2d 474, 101 S. Ct. 575. Clearly, the payment encompassed alimony and was not exclusively child support as defendant contends. Furthermore, it has long been held that a trial court can, if warranted, divide the previously unallocated award into separate awards for child support and alimony. *Fuhrer v. Fuhrer* (1968), 91 Ill. App. 2d 358, 235 N.E.2d 389; *Jacobs v. Jacobs* (1946), 328 Ill. App. 3d 133, 65 N.E.2d 588.

Nor is the provision of the agreement rendered ambiguous by not providing specifically for the continuance or diminishment of the payment upon the child's majority. Under section 18 of the prior divorce act the court could, upon application, terminate or modify the allowance of alimony and child support as it appeared reasonable and proper. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) As the agreement of the parties was merged into the decree, that statutory provision became part of the agreement. (*Herrick v. Herrick* (1925), 319 Ill. 146.) Furthermore, section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(a)) in general seems to carry forward the provision of section 18 permitting modification of maintenance, a term which corresponds to what was formerly called alimony, or child support. (*Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31.) As a result, this silence did not render the provision ambiguous but merely left for judicial determination the effect, if any, the son's majority would have upon the allotted payment.

Having determined that the unallocated award was not ambiguous

and encompassed both maintenance and child support, we next consider defendant's contention that the trial court's failure to modify the maintenance award was against the manifest weight of the evidence. Plaintiff contends that such modification should not be considered by this court because defendant asked the trial court to fully abate and not simply reduce the maintenance payment. However, a review of defendant's petition to modify reveals that defendant had alleged sufficient facts to bring the modification issue before the trial court.

■■ An unallocated award of maintenance and child support is not automatically reduced by the death or emancipation of the child or by the remarriage of the recipient spouse, but rather as in other cases where modification is sought, petition must be made to the court to modify the decree. (See *Claflin v. Claflin* (1980), 82 Ill. App. 3d 246, 402 N.E.2d 673, *cert. denied* (1980), ___ U.S. ___, 66 L. Ed. 2d 474, 101 S. Ct. 575; *Baker v. Baker* (1977), 53 Ill. App. 3d 186, 368 N.E.2d 379; *Cahill v. Cahill* (1942), 316 Ill. App. 324, 45 N.E.2d 69; *Thurston v. Thurston* (1890), 38 Ill. App. 464.) An unallocated maintenance and child-support award is analogous to the situation where a parent is ordered by a divorce decree to pay a lump sum weekly for the support of multiple minor children. The Illinois Supreme Court has held that even though a parent's obligation to support a child terminates upon emancipation, absent a contrary agreement of course, the unilateral pro rata reduction of such a lump-sum payment upon one child's emancipation is impermissible. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) The court reasoned that such an automatic reduction would constitute an infringement upon the discretionary powers of the court to modify an award. (81 Ill. 2d 317, 329.) When one of several children is emancipated, it is for the court to determine, based upon equitable considerations, if the lump-sum payment should be reduced at all and, if so, to what degree. 81 Ill. 2d 317, 329.

The Illinois Marriage and Dissolution of Marriage Act provides that maintenance and child support awards may only be modified upon a showing of a substantial change in circumstances. (Ill. Rev. Stat. 1979, ch. 40, par. 510.) This is consistent with prior decisional law. *Baker v. Baker* (1977), 53 Ill. App. 3d 186, 368 N.E.2d 379; *Lane v. Lane* (1975), 35 Ill. App. 3d 276, 340 N.E.2d 705; *Green v. Green* (1967), 86 Ill. App. 2d 362, 229 N.E.2d 565.

The substantial changes in circumstances alleged by defendant to warrant a modification essentially included the emancipation of the couple's only child and the sufficiency of plaintiff's own assets and income (to meet her needs). These changes must also be considered in light of plaintiff's request that defendant now contribute toward meeting the cost of the son's college education.

A review of the evidence indicates that plaintiff now has sufficient

assets and income relative to her demonstrated needs to warrant a modification of the maintenance award ordered by the court. A comparison of plaintiff's identified expenses and income from various sources shows an approximate deficiency of $90 weekly, yet defendant has been ordered to pay plaintiff $150 weekly in maintenance. We note plaintiff's expenses included $250 monthly for food—for herself and their son. Her monthly food expenses will be reduced by the fact that their son attends college away from home the greater part of the year. It must also be remembered that defendant will be assuming that expense in part as he has also been ordered to pay $70 per week toward the cost of that son's college education. Those costs include tuition, room and board and books.

In light of all of these considerations, we feel that the trial court's award of $150 maintenance is an abuse of discretion and that a modification of the maintenance award from $150 per week to $90 per week is equitable and proper in this case.

Defendant next requests this court to fix his obligation to contribute toward meeting his son's college expenses as of the beginning of the second semester of his son's freshman year. Defendant does not contest the $70 per week figure set by the trial court to meet that obligation.

■■ The provisions of a divorce decree may be modified to require one or both parents to provide for the education and maintenance of a child whether that child is of minority or majority age. (See *In re Marriage of Taylor* (1980), 89 Ill. App. 3d 278, 411 N.E.2d 950; Ill. Rev. Stat. 1979, ch. 40, par. 513.) However, provisions respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification.[2] (Ill. Rev. Stat. 1979, ch. 40, par. 510(a).) In the instant case the original divorce decree contained no provision requiring defendant to contribute toward meeting the costs of his son's college education. Therefore, that decree imposed no legal obligation upon him to specifically do so. Modification of that decree to include such contribution by defendant was not sought by plaintiff until she filed her petition for rule to show cause in which she prayed the court to order this contribution by defendant. Therefore, any court order could only require such contribution retroactive as of the date her petition was filed. In the instant case the record is unclear as to when plaintiff's petition was filed. It is also unclear as to the date fixed by the trial court as commencing defendant's obligation to contribute toward his son's education. There-

---

[2] Except as otherwise provided in paragraph (f) of section 502, which states:

"(f) Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of the judgment." Ill. Rev. Stat. 1979, ch. 40, par. 502(f).

fore, although it is unnecessary to disturb the court's award of $70 per week as defendant's contribution to his son's college education, it will be necessary upon remand for the trial court to ensure that those payments accrue only as of the date plaintiff filed her petition.

For the reasons discussed herein, that portion of the order of the trial court fixing defendant's contribution toward his son's college education at $70 per week is affirmed; that portion continuing defendant's maintenance payment at $150 per week is modified to provide $90 per week; that portion providing for payment by defendant of arrearages of $6300 maintenance and $2200 toward meeting the costs of the son's college expenses is reversed; and the cause remanded with directions to order defendant to pay any arrearages of the $150 per week maintenance and child support accrued to the date defendant filed his petition to modify the decree, and thereafter to pay maintenance of $90 per week; further, that defendant pay $70 per week as his reasonable contribution toward his son's college education commencing on the date plaintiff filed her petition.

Affirmed in part; modified in part; reversed in part; and remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.