*In re* ESTATE OF CARL A. CHAMPAGNE, Deceased (Mary Ann DeFrancesca, Claimant-Appellant v. The Estate of Carl A. Champagne, Respondent-Appellee).

Second District   No. 86—0599

Opinion filed March 19, 1987.

Michael J. Smith, of Tenney & Bentley, of Chicago, for appellant.

Harold G. Field & Associates, of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Claimant, Mary Ann DeFrancesca, the former wife of decedent,

Carl A. Champagne, brings this interlocutory appeal pursuant to Supreme Court Rule 304(b)(1) (103 Ill. 2d R. 304(b)(1)) from the trial court's order striking and dismissing her claim against the estate of Carl A. Champagne. The issue raised on appeal is whether claimant has a valid claim against the decedent's estate for college educational expenses of their son, Tony Champagne, a child over age 18.

Carl A. Champagne died October 16, 1985. His will provided that his entire estate was to be given to his present wife, Ellen L. Champagne, who was also named executrix. Claimant filed a claim against the estate on February 20, 1986, claiming $2,000 for payments due under a stipulation and agreed order entered July 12, 1983, for the college expenses of their son Tony and for such additional amounts which may become payable under the order. Attached to the claim was a statement by the claimant that a judgment for divorce of the marriage of claimant and decedent was entered on July 1, 1966, which provided that decedent would pay for the college education of their son, that a July 12, 1983, stipulation and agreed order provided that decedent would pay $400 per month, commencing June 1983, for Tony's college education, that the monthly payments since October 1985 are due and owing as well as additional future payments which will become due, and that their son, Tony Champagne, continues to attend college on a full-time basis. The July 2, 1983, agreed order of the circuit court of Cook County was also attached to the claim, and stated that the parties had reached an agreement settling all matters in controversy contained in claimant's amended petition for college expense award filed March 15, 1983. It provided, in pertinent part, "That CARL A. CHAMPAGNE shall pay and MARY ANN DeFRANCESCA shall accept the sum of $400.00 per month commencing June, 1983 and payable each month thereafter until Tony Champagne completes his college education, provided he attends on a full-time basis."

The order also acknowledged that decedent had already contributed $7,100 toward Tony's educational expenses and ordered that he pay an additional $5,500 for a settlement and compromise on Tony's college education expenses incurred during the first four semesters of his college education.

The estate filed a motion to strike the claim, stating that the monthly payments were made until decedent's death on October 16, 1985, and that there is no provision under section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 513) which allows for higher education expenses to be charged against an estate. The trial court ordered that the claim be stricken and dismissed, finding that the order for educational ex-

penses of the adult child did not obligate decedent's estate.

■■ On appeal, claimant advances several contentions to reverse the trial court's decision. She argues that the obligation to pay claimant $400 a month for Tony's educational expenses is a contract obligation of decedent which is an allowable claim against his estate, that claimant's action is one that survives decedent's death under the Survival Act (Ill. Rev. Stat. 1985, ch. 110½, par. 27—6), and that the agreement for educational expenses survives the death of the payor spouse under section 513 of the Act. As the original agreed order for educational expenses was pursuant to section 513 of the Act, sections 510(c) and 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, pars. 510(c), 513), when read together, are dispositive of this issue, and claimant's first two contentions need not be addressed.

Section 510(c) provides:

"Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child, except as otherwise provided herein, but not by the death of a parent obligated to support the child. When a parent obligated to pay support dies, the amount of support may be modified, revoked or commuted to a lump sum payment, to the extent just and appropriate in the circumstances, and such determination may be provided for at the time of the dissolution of the marriage or thereafter." (Ill. Rev. Stat. 1985, ch. 40, par. 510(c).)

The section, enacted in 1977, changed the prior law which stated that a child-support order in a divorce decree is of no legal effect after the death of one of the parties. (*In re Estate of Lewis* (1974), 18 Ill. App. 3d 748, 750, 311 N.E.2d 694; *Johnson v. Continental Illinois National Bank & Trust Co.* (1967), 88 Ill. App. 2d 124, 133, 232 N.E.2d 59.) The language of this section now provides that the obligation to support, unless otherwise agreed in writing or provided in the judgment, will survive the death of the parent obliged to provide child support (*In re Support of Halas* (1984), 104 Ill. 2d 83, 94, 470 N.E.2d 960) and seeks to protect the dependent child of divorced parents from loss of support through disinheritance, a loss from which a child of nondivorced parents is indirectly insulated. *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 581, 376 N.E.2d 1382; see also Auerbach, *An Introduction to the New Illinois Marriage and Dissolution of Marriage Act*, 66 Ill. Bar J. 132, 135 (1977).

No Illinois cases deciding the issue of whether the death of a parent obligated to pay educational expenses of a nonminor child under an order pursuant to section 513 terminates this obligation have been

cited or found. The estate argues that section 510(c) applies only to support obligations to minor children and that, as section 513 does not specifically provide that support obligations to nonminor children survive the noncustodial parent's death, this claim was properly dismissed. Section 510(c), however, does not by its terms refer only to minor children. It states that "provisions for the support of a child are terminated by emancipation of the child, *except as otherwise provided herein*, but not by the death of a parent obligated to support the child." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 40, par. 510(c).) The underscored language, we believe, refers to section 513, which authorizes a court to order support for nonminor children when the child is physically or mentally disabled or when educational expenses are sought. (See *In re Marriage of Pauley* (1982), 104 Ill. App. 3d 100, 103, 432 N.E.2d 661.) It provides, in relevant part:

"The court may award sums of money out of the property and income of either or both parties for the support of the child or children of the parties who have attained majority and are not otherwise emancipated only when such child is mentally or physically disabled; and the application therefor may be made before or after such child has attained majority age. The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age." (Ill. Rev. Stat. 1985, ch. 40, par. 513.)

The Historical and Practice Notes to section 510(c) also point out the interplay between sections 510(c) and 513 and state that "[t]he court may award support for children after they attain the age of majority only if they are disabled or require educational assistance. See sec. 513. Otherwise, the attainment of the age of majority terminates child support obligations." Ill. Ann. Stat., ch. 40, par. 510, Historical and Practice Notes, at 702 (Smith-Hurd 1980).

▬▬ When construing a statute, the primary objective is to ascertain the intent of the legislature. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 297, 478 N.E.2d 326.) In ascertaining the intent of the legislature, the court examines the entire statute and seeks to determine the objective the statute sought to accomplish and the evils it desired to remedy. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362, 489 N.E.2d 1374.) Reading the two sections together and considering the legislative intent to protect children of divorced parents from loss of support through disinheritance,

we hold that an order under section 513 of the Act for education and maintenance of a child, whether of minor or majority age, is intended to be included within section 510(c) the same as a support order and is not terminated by the death of a parent obligated to pay for these expenses. Therefore, an order of support for a nonminor child, although only to be granted under special circumstances under section 513, is the same as any other order of support and does not terminate upon the death of the parent obligated to pay the support unless otherwise agreed in writing or expressly provided in the judgment. The stipulation and agreed order here does not contain any language limiting the obligation to pay Tony's college education expense to the decedent's lifetime. As any other order of support, upon the death of the parent obligated to pay support, it "may be modified, revoked or commuted to a lump sum payment, to the extent just and appropriate in the circumstances, and such determination may be provided for at the time of the dissolution of the marriage or thereafter." Ill. Rev. Stat. 1985, ch. 40, par. 510(c).

There is no merit to the estate's contention that if an estate is liable for the higher education expenses of children after the payor's death, a decedent's estate could not be closed for several decades if very young children were heirs. If there is a valid order for educational expenses at the time of the payor spouse's death, under section 510(c) the support may be modified, revoked or commuted to a lump sum payment based on the existing circumstances which would allow for the prompt closing of the estate.

The claim for educational expenses here was improperly dismissed. The order of the circuit court of Du Page County dismissing claimant's claim for college educational expenses for her son Tony is reversed, and the cause remanded.

Reversed and remanded.

DUNN and INGLIS, JJ., concur.