GALE ANN WAIT, Plaintiff-Appellee, v. TIMOTHY FRANCIS WAIT, Defendant-Appellant.

Fourth District   No. 4—86—0739

Opinion filed July 7, 1987.

Frank H. Byers II, of Byers, Byers & Greenleaf, of Decatur, for appellant.

James L. Ayers, of Shonkwiler & Ayers, of Monticello, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

This appeal stems from a ruling by the circuit court of Piatt County that the court had continuing *in personam* jurisdiction over a nonresident father for purposes of the assessment of support and educational expenses for a nonminor son's college education pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1985, ch. 40, par. 513). Respondent, Timothy Francis Wait, appeals not only the court's finding of personal jurisdiction over him but also its subsequent assessment to him of a portion of his son's support and educational expenses. We affirm.

The marriage of respondent and Gale Ann Wait, petitioner, was dissolved in the circuit court of Piatt County on October 19, 1977, where both parties then resided. Respondent had entered his appearance in the dissolution proceedings thus consenting to the jurisdiction of the court. Petitioner was awarded custody of both minor children of the parties and respondent was ordered to pay child support.

The respondent later moved to Indiana. The issues of visitation and child support were modified several times over the years, with respondent entering his appearance each time.

On April 11, 1985, upon petition of the parties' eldest child, Timothy Michael Wait, respondent's visitation with Timothy was terminated. Thereafter, on February 28, 1986, respondent filed a petition to terminate support for Timothy alleging that he was 18, had finished high school and was employed. Support for Timothy was terminated by the circuit court of Piatt County on May 1, 1986, but support for the remaining minor child was increased at the same hearing.

On June 5, 1986, petitioner, now Gale Ann Bickel, and Timothy Michael Wait filed a "Petition in Respect of Eduction and Maintenance Expenses." The petition requested the court to order both petitioner and respondent to contribute to the support and educational expenses of Timothy while in college at Southern Illinois University and to order appropriate reimbursement of petitioner by respondent for college expenses which she had already paid.

This petition as well as notice of hearing was served upon respondent and his attorney by regular mail. Respondent filed a special and limited appearance to the petition contesting the court's personal jurisdiction over him as he was an Indiana resident and his support obligations as to Timothy had previously been terminated.

The trial court found on October 9, 1986, that it had personal jurisdiction over respondent and after hearing evidence ordered Timothy to pay $1,000 toward his expenses and respondent to pay two-thirds of the remainder or $2,740, while petitioner was ordered to contribute $1,370. Respondent was also ordered to reimburse petitioner for expenses already advanced in the same proportions.

Respondent contends that as a result of the termination of his support obligation for Timothy, the continuing jurisdiction which the circuit court of Piatt County enjoyed over him for purposes of modification of child support or visitation ended as to Timothy. Respondent argues any obligation imposed upon him under section 513 of the IMDMA is a new personal obligation requiring personal jurisdiction. See *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 463 N.E.2d 955; *In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 458 N.E.2d 559.

We disagree. The language of section 513 itself negates respondent's assertion. Section 513 provides the court may make provision "for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its parents as equity may require, whether applica-

tion is made therefor before or after such child has, or children have, attained majority age." (Ill. Rev. Stat. 1985, ch. 40, par. 513.) Use of the word "application" implies the request for education expenses and support should be brought within the context of the parents' dissolution proceedings, for which the court has continuing jurisdiction. Further, there is no indication in the section that the child himself must make the application but one of the parties could make it on his behalf providing the court considers the resources of both parties in ordering payment.

■ In addition, the courts have considered application pursuant to section 513 to be a modification of a divorce decree even if the decree, as here, contained no provision requiring either party to contribute to their children's college education. *Potocki v. Potocki* (1981), 98 Ill. App. 3d 501, 424 N.E.2d 714.

■ Finally, in this case, the Illinois court had continuing personal jurisdiction over the respondent due to his continuing support obligation for the minor daughter of the parties. The trial court was correct in its judgment that it had personal jurisdiction over the respondent for purposes of a section 513 application.

■ ■ Service by mail of the petition was proper despite respondent's objections thereto because the court already had personal jurisdiction over him and such service is all that is required for modification by post-judgment proceedings. (Ill. Rev. Stat. 1985, ch. 40, par. 511; see *In re Marriage of Ponsart* (1983), 118 Ill. App. 3d 664, 455 N.E.2d 271.) Likewise, his objection that petitioner should not have joined in Timothy's application but should be realigned as a party from whom support was sought has no merit as the petition requested not only her reimbursement by respondent but an order directing her to pay her proportionate share of Timothy's college expenses.

■ Respondent's final argument is that the court's ruling on the amount of his contribution to his son's college expenses was in error because of a misperception of the true income and expenses of the parties and failure of proof of the amount of the expenses. Respondent maintains the court failed to include in petitioner's income the child support which he pays. The court did take it into account as an expense for respondent, however. In addition, while petitioner filed income tax returns with the court indicating her current husband's income so the court was aware that petitioner was not dependent solely on her own income to meet family expenses, respondent conceded that his current wife had an income but refused to disclose its amount. The trial court was justified in assuming respondent could rely on his wife's contributing something toward family expenses and

committed no error in assessing the percentages each party should pay toward Timothy's education expenses.

Finally, petitioner presented a bill from the university bursar's office setting forth the charges for Timothy's education for fall semester 1986, part of which had already been paid. No objection was made to the exhibit. If doubled, the bill would total over $5,100 for the entire academic year, which is the figure the trial court used and which petitioner testified was the amount the school admissions officers told her would be charged for tuition, room and board for the 1986-87 academic year. The court found it to be a reasonable sum and entered its order accordingly.

The court had sufficient information before it to determine the relative amounts of support ordered from each party toward Timothy's education expenses.

For the foregoing reasons, we affirm.

Judgment affirmed.

GREEN and LUND, JJ., concur.