*In re* MARRIAGE OF GLORIA KUHN, Petitioner-Appellee, and MICHAEL J. KUHN, Respondent-Appellant.

Second District   Nos. 2—90—1375, 2—91—0078, 2—91—0256 cons.

Opinion filed October 21, 1991.

Paul C. Pinderski, of Pinderski & Pinderski, Ltd., of Palatine (Jerome W. Pinderski, Jr., of counsel), for appellant.

Joel S. Miller, of Chicago (Mark W. Kelly, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

In this consolidated appeal, respondent appeals from orders of the trial court that: (1) denied him a declaratory judgment; (2) held him responsible for 50% of his daughter's college expenses; (3) held him in contempt of court; and (4) awarded petitioner attorney fees for the contempt proceedings. We affirm in part, reverse in part, and vacate in part.

The marriage of Michael and Gloria Kuhn was dissolved in 1984. One of the children of their union, Nancy, began to attend Northern Illinois University in the fall of 1989. In May 1990, Gloria brought a petition seeking college expense contributions from Michael pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 513). Michael then filed a petition for declaratory relief which challenged the constitutionality of section 513. The trial court upheld the constitutionality of that section and denied Michael's petition. On December 6, 1990, the court entered an order holding each parent responsible for 50% of Nancy's college expenses and ordering Michael to reimburse Gloria within 10 days for 50% of past college expenses. A notice of appeal from those orders was filed.

Michael moved to stay enforcement of the college expense order pending appeal. The trial court denied the motion. Subsequent requests to this court and our supreme court for stay orders were denied. During the pendency of Michael's petition to the supreme court, Gloria petitioned the trial court for entry of a contempt citation against Michael for his failure to reimburse Gloria for past college expenses pursuant to the court's order. A rule to show cause was entered, and, after a hearing, Michael was adjudicated in contempt. Michael was then discharged following his payment to Gloria that day in open court. Michael appealed the finding of contempt.

Gloria next filed a petition for attorney fees incurred in conjunction with the contempt proceeding. The court awarded fees of $1,156.25 in Gloria's favor. The enforcement of this award was stayed by the trial court upon the filing of an appeal bond. Michael then appealed from the award. All three appeals were then consolidated by this court.

■ Michael first contends that section 513 of the Act, pursuant to which he was ordered to pay 50% of Nancy's college education, is unconstitutional in that it violates the equal protection and due process clauses of the Federal and Illinois Constitutions. The issue of whether section 513 violates the equal protection clauses has previously been decided in the negative by our supreme court in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563. Michael's challenge of that holding is misplaced; only the supreme court can overrule or modify its opinions, and we are bound to follow the supreme court's decisions. (See *Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27; *People v. Condon* (1990), 195 Ill. App. 3d 815, 824.) We, therefore, will not consider this challenge of our supreme court's decision.

Michael's contention that section 513 violates his right to substantive due process also fails. Michael argues that the right to raise one's children as one sees fit is a fundamental right and that any encroachment in this area by the legislature must be propelled by a "legitimate, substantial and compelling state interest." According to Michael, section 513 advances no compelling State interest and is therefore an unconstitutional encroachment. We disagree.

■ The purpose of section 513 is to "furnish a means to provide for the education of children of divorced parents." (*In re Marriage of Treacy* (1990), 204 Ill. App. 3d 282, 286.) This section is one among many contained in the Act, the purpose of which is to protect the interests of children whose parents have decided to dissolve their marriages. It is self-evident from the provisions of the Act, from the issue

of custody addressed in sections 601 through 611 (Ill. Rev. Stat. 1989, ch. 40, pars. 601 through 611), through the issue of support in section 513 (Ill. Rev. Stat. 1989, ch. 40, par. 513), to the issue of visitation covered in section 607 (Ill. Rev. Stat. 1989, ch. 40, par. 607), that the State has a compelling interest in protecting and providing for the children of divorced parents. In addition, section 513 does not mandate divorced parents to provide funds for their children's post-secondary education; a determination as to whether a parent shall contribute is left to the sound discretion of the trial court. (*Treacy*, 204 Ill. App. 3d at 286.) Even then, a child cannot force his parents to provide funds if both parents agree that such funds will not be provided. Section 513 advances a compelling State interest without encroaching upon any fundamental right; its enforcement is therefore not unconstitutional.

We next consider Michael's contention that the court improperly held him in contempt. The contempt citation was issued because Michael did not pay to Gloria within 10 days the money owed for Nancy's previous college expenses. Michael did not pay the amount due until he had exhausted his attempts to obtain a stay of the trial court's order from this court and our supreme court. Michael now argues that he should not have been held in contempt for pursuing legal remedies to which he may have been entitled. We agree.

■ A trial court's issuance of a contempt citation will not be reversed on appeal unless the court has abused its discretion. (*Central Production Credit Association v. Kruse* (1987), 156 Ill. App. 3d 526, 531.) However, the power to impose contempt is subject to limitations, and it should only be exercised in extreme situations. (*Central Production*, 156 Ill. App. 3d at 531.) While Michael did not pay Gloria within the period ordered by the court, the finding of contempt was too harsh a penalty under the circumstances. Michael's failure to pay, while willful and intentional, was not done to show any disrespect to the court; Michael was merely seeking temporary appellate relief from the effects of the court's order. The rule to show cause should have been filed after a stay was denied by the reviewing courts and a demand for payment was made. Michael's tender of the amount due at the next court date is evidence of a lack of malice on his part. We conclude that the contempt finding was not warranted under these circumstances and so reverse the court's citation as an abuse of discretion.

Because of our reversal of Michael's contempt citation, we must also vacate the attorney fees awarded to Gloria for representation in the contempt proceedings. Similarly, we need not address Michael's

contentions that he was not properly served with the rule to show cause or that the court lacked jurisdiction to adjudicate Gloria's petition for attorney fees.

■ Michael finally contends that the court's apportionment of Nancy's college expenses was an abuse of discretion. All that Michael provides are the monthly incomes and net worths of Michael and Gloria plus the fact that Nancy was not ordered to contribute anything towards her own expenses. On the basis of this limited argument, we cannot conclude that the court abused its discretion in its order of apportionment.

For these reasons, the orders of the circuit court of Lake County apportioning payment of the college expenses and denying Michael declaratory relief are affirmed; the order finding Michael in contempt of court is reversed; and the order awarding Gloria attorney fees is vacated.

Affirmed in part; reversed in part; and vacated in part.

BOWMAN and INGLIS, JJ., concur.