2021 IL App (2d) 200392-U
No. 2-20-0392
Order filed July 9, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF LEON AZRIKAN | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 95-D-440 |
| ALEXANDRA AZRIKAN | ) ) ) | |
| Respondent, | ) ) | |
| (Vadim Azrikan, Third-Party Petitioner-Appellant v. Leon Azrikan, Third-Party Respondent-Appellee). | ) ) ) | Honorable Charles W. Smith, Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Bridges and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court properly dismissed the child's petition to enforce, as a third-party beneficiary, a marital settlement agreement by which the father would contribute toward the child's higher education expenses. Under the Illinois Marriage and Dissolution of Marriage Act, the child was not considered a third-party beneficiary of the agreement. Moreover, the trial court no longer had authority to entertain a contribution action, as the child had turned 23 and completed his bachelor's degree before he filed his petition.

¶ 2    Third-party petitioner, Vadim Azrikan (Vadim), appeals the trial court's dismissal of his pleading titled "Third-Party Beneficiary Petition to Enforce Educational Expenses for a Non-Minor Child Pursuant to 750 ILCS 5/513(i)." The trial court determined that Vadim lacked standing under section 513(i) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/513(i) (West 2018)) to bring a third-party petition and that, in the alternative, the statutory limitation period had expired. We agree that Vadim lacked standing. Accordingly, we affirm.

¶ 3                            I. BACKGROUND

¶ 4    On March 23, 1995, the trial court entered a judgment dissolving the marriage of petitioner, Leon Azrikan (Leon), and respondent, Alexandra Azrikan (Alexandra). Vadim, born January 5, 1978, was the sole child born to the parties. Leon and Alexandra entered into a settlement agreement that was incorporated into the judgment. Under that agreement, Leon would be responsible, with various contingencies, for Vadim's higher education expenses.

¶ 5    On October 3, 2019, Vadim moved to intervene. That motion was granted. On November 12, 2019, he filed a third-party beneficiary petition seeking to enforce the educational expenses provision of the settlement agreement. Vadim alleged that Alexandra died on April 26, 2009, and that, at the time of her death, neither Alexandra nor Leon had contributed any amount toward Vadim's college expenses. He also alleged that Alexandra's death gave him standing under section 513(i) to enforce the settlement agreement as a third-party beneficiary. In the petition, Vadim stated that he attended college between 1998 and 2001 and obtained an undergraduate degree. He also began an online MBA program, which he had yet to complete. Vadim asked that Leon be compelled under the dissolution judgment to contribute to his college expenses.

¶ 6    Leon moved to strike the petition, arguing in part that Vadim lacked standing to bring the action as a third-party beneficiary and that the doctrine of *laches* also applied. The parties agreed

that the matter would be decided on the pleadings. The trial court dismissed the petition. The court held that Vadim lacked standing under section 513(i). The court also held that, even if Vadim did have standing, the 10-year limitation period for bringing the action had expired. See 735 ILCS 5/13-206 (West 2018). Vadim appeals.

¶ 7                                    II. ANALYSIS

¶ 8     Vadim asserts that Alexandra's death triggered his right to enforce the settlement agreement and that the 10-year limitation period is not applicable because educational expenses are a form of child support that can be enforced at any time. Leon argues that Vadim lacks standing and, alternatively, that the limitation period has expired or that *laches* applies.

¶ 9     Section 513(a) of the Act provides that a court may award money out of the property and income of either party for educational expenses of any child of the parties. 750 ILCS 5/513(a) (West 2018). The authority of the court to do so terminates when, among other things, the child attains the age of 23 or receives a baccalaureate degree. *Id.* § 513(g).

¶ 10    Before the 2016 amendments to the Act, the First District held that a child had standing as a third-party beneficiary to bring an action to order compliance with a settlement agreement requiring payment of educational expenses. See *e.g.*, *Miller v. Miller*, 163 Ill. App. 3d 602, 617 (1987). This court, however, had held that a child lacked standing to enforce provisions of a parent's judgment of dissolution. *In re Marriage of Garrison*, 99 Ill. App. 3d 717, 721 (1981). Section 513(i), which was added to the Act in 2016 (Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (adding 750 ILCS 5/513(i))), clarified the matter. That section provides:

    "The child is not a third party beneficiary to the settlement agreement or judgment between the parties after trial and is not entitled to file a petition for contribution. If the parties' settlement agreement describes the manner in which a child's educational expenses will be

paid, or if the court makes an award pursuant to this Section, then the parties are responsible pursuant to that agreement or award for the child's educational expenses, but in no event shall the court consider the child a third party beneficiary of that provision. In the event of the death or legal disability of a party who would have the right to file a petition for contribution, the child of the party may file a petition for contribution." 750 ILCS 5/513(i) (West 2018).

¶ 11    Although the settlement agreement was entered before the amendment to section 513, the amendment applies to Vadim's postdecree proceeding. Section 801(a) of the Act provides that the Act applies to all proceedings commenced on or after its effective date. 750 ILCS 5/801(a) (West 2018). The effective date of the amendment adding section 513(i) was January 1, 2016. See Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016). Vadim's petition was filed after that date. Thus, we apply the amended version of the Act to Vadim's petition. See *In re Marriage of Carstens*, 2018 IL App (2d) 170183, ¶ 29; *Potocki v. Potocki*, 98 Ill. App. 3d 501, 503 (1981).

¶ 12    Here, under the plain language of section 513(i), Vadim is precluded from bringing a third-party beneficiary petition to enforce the settlement agreement. The settlement agreement provided how educational expenses were to be paid. Thus, under section 513(i), "in no event shall the court consider the child a third party beneficiary of that provision."

¶ 13    Vadim asserts that Alexandra's death provided him with standing. Section 513(i) does provide that, "[i]n the event of the death or legal disability of a party who would have the right to file a petition for contribution, the child of the party may file a petition for contribution." 750 ILCS 5/513(i) (West 2018). However, Vadim's position fails for two reasons. First, Vadim sought to enforce the settlement agreement as a third-party beneficiary. He did not file a petition asking the court to determine and award contribution. The trial court did not enter any independent award

of contribution under section 513, as the matter had been addressed in the settlement agreement. Second, any authority of the court to award contribution outside of the agreement terminated when Vadim attained the age of 23 or received his baccalaureate degree, which was well before the filing of his petition. *Id.* § 513(g). Thus—as this is not an action seeking to enforce a right of contribution held by Alexandria when she passed—the settlement agreement controls and Vadim lacks standing to enforce it as a third-party beneficiary. See generally *In re Marriage of Holderrieth*, 181 Ill. App. 3d 199, 206 (1989) (settlement agreement, rather than section 513, applied to determine responsibility for educational expenses). Because we find that Vadim lacked standing, we need not and do not address whether the limitation period has expired or *laches* applies.

¶ 14                                  III. CONCLUSION

¶ 15    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 16    Affirmed.