THE PEOPLE *ex rel.* THOMAS THOMAS, Petitioner-Appellee, *v.* THE VILLAGE OF SLEEPY HOLLOW, Respondent-Appellee.—(AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO *et al.*, Intervenors-Appellees; ROBERT J. MORENCY *et al.*, Applicants-Appellants.)

Second District   No. 80-479

Opinion filed March 17, 1981.

Parker F. McMahan, Jr., and Robert R. Benjamin, both of McMahan & Benjamin, and Jeffrey M. Lerner and Jonathan E. Shimberg, both of Lerner, Shimberg & Reiss, all of Chicago, for appellants.

Bradtke & Zimmermann, of Mt. Prospect, Erwin W. Jentsch, of Elgin, George B. Knickerbocker, of Samelson, Knickerbocker & Schirott, of Des Plaines, and Leslie Sanford, of Katten, Muchin, Gitles, Zavis, Pearl & Galler, of Chicago, for appellees.

Mr. JUSTICE HOPF delivered the opinion of the court:

Petitioners appeal from the denial of their petition to intervene in a *quo warranto* proceeding. We affirm.

The suit was brought by Thomas Thomas, a resident of the village of Sleepy Hollow against that village, challenging the validity of its annexation of three parcels of land. During the pendency of the proceedings, American National Bank and Trust Company of Chicago, as trustee, Walnut Hill of Sleepy Hollow, Walnut Hill Association and Helmut Baumann, owners and developers of the parcels, were permitted to intervene as party defendants.

On April 14, 1980, an agreed order was entered by the court. In the order the parties settled the dispute involving the three annexed parcels and also agreed to take action with regard to an additional piece of land, the "Hickory Hollow right-of-way," not mentioned in any of the pleadings prior to the entry of the order. That part of the agreement regarding the fourth parcel provided, in pertinent part:

"A. Within forty-five (45) days after the entry of this Order, the Respondent will approve the plat of resubdivision of portions of the Subject Property * * *, which plat shall include a dedication of a 66 foot right-of-way to be known as 'Hawthorne Lane'.

* * *

C. All of the parties hereto will act in concert to undertake to acquire the land now or formerly known as 'Douglas Avenue' or 'Hawthorne Lane' located between Lots 16 and 17, in the Hickory Hollow Subdivision, in the Township of Dundee, Kane County, Illinois (hereinafter referred to as 'Hickory Hollow right-of-way') which activity on the part of the parties hereto will be undertaken as follows:

* * *

2) Within thirty (30) days after the recording of the plat of resubdivision (substantially in accordance with Exhibit A hereto), the respondent will commence the procedure, to acquire the Hickory Hollow right-of-way for street purposes, including (if necessary in the opinion of Special Counsel) the exercise of Respondent's powers of condemnation granted the Respondent under section 11—61—1 of the Illinois Municipal Code.

* * *

4) Within thirty (30) days after the entry of the Order of Taking or the recordation of deeds of conveyance (as the case may be) of the Hickory Hollow right-of-way area to the Respondent, the Respondent will annex the Hickory Hollow right-of-way pursuant to the terms and authority of Section 7—1—9 of the Illinois Municipal Code."

On May 14, 1980, petitioners filed a petition to intervene as of right in the suit. This petition stated their opposition to that portion of the agreed order dealing with the Hickory Hollow right-of-way. The pertinent portions of the petition are as follows:

"Pursuant to Section 26.1 of the Civil Practice Act of Illinois (Ill. Rev. Stat. ch. 110 par. 26.1, [petitioners] move for leave to intervene as party plaintiffs. In support thereof, petitioners state:

1) This proceeding is in Quo Warranto challenging the annexation of certain property by the Village of Sleepy Hollow, a municipal corporation.

2) Petitioners are either electors of said village or are residents of a territory commonly known as Hickory Hollow, an unincorporated subdivision of real property located in Dundee Township, Kane County, Illinois.

3) On April 14, 1980, this Honorable Court entered an order styled 'Agreed Order' which binds or may bind petitioners herein. * * *

4) Said order directs the parties to this proceeding, * * *, to perform all acts necessary to acquire title to a certain portion of real estate described in said order as:

the land now or formerly known as 'Douglas Avenue' or 'Hawthorne Lane' located between lots 16 or 17, in the Hickory Hollow Subdivision, in the Township of Dundee, Kane County, Illinois

5) The petitioner's interests have not and cannot be adequately represented by the parties in that their interests are divergent since none of the parties hold any right, title or interest in the real estate described in Paragraph 4 above.

6) Petitioners will or may be affected by the disposition of the property described in Paragraph 4 above. The 'Agreed Order' of April 14, 1980 in its findings of fact undertakes to establish jurisdiction by this Court over property which is not the subject of the Quo Warranto action."

Petitioners prayed that they be given leave to intervene as plaintiffs and that they be given leave to file a motion to vacate the order of April 14, 1980. Their proposed motion to vacate was attached to their petition to intervene.

Respondents orally moved for dismissal of the petition for insufficiency of pleadings. The court tacitly denied the motion, and at the subsequent hearing, petitioners presented evidence in support of their petition. At the close of the hearing, the court denied their petition.

Section 26.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(1)) provides for intervention as of right:

> "(1) Upon timely application anyone shall be permitted as of right to intervene in an action: * * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action: or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof."

■■■ A petition to intervene must allege specific facts that demonstrate that the petitioners have a right to intervene (*People ex rel Tucker v. Commonwealth Edison Co.* (1979), 71 Ill. App. 3d 161, 389 N.E.2d 193). Averments that are merely conclusory in nature and that merely recite the statutory language are insufficient to meet the requirements of the intervention statute (*University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 392 N.E.2d 136). Petitioners' motion merely alleges that they are either electors of the village of Sleepy Hollow or are residents of an unincorporated subdivision in Dundee Township and that they will or may be affected by the agreement of the parties to acquire land known as Hawthorne Lane located in that subdivision. These allegations are simply conclusory and do not demonstrate how the petitioners have an interest in the matter and how they will or may be affected by the order of April 14. The petition therefore did not fulfill the requirements for a petition to intervene.

Even were we to consider the petition in light of the supporting evidence brought forth in the hearing held on the petition, we would conclude that petitioners had no right to intervene.

■■ ■ The suit was disposed of by a consent decree, which is "not a judicial determination of the rights of the parties, nor does it purport to represent the judgment of the court, but merely records the agreement of the parties." (*Nelson v. Nelson* (1950), 340 Ill. App. 463, 467, 92 N.E.2d 534.) A consent decree is binding only upon those who consented to its entry. It cannot operate as an adjudication nor can it be pleaded or shown in bar of any subsequent proceedings involving parties not privy to the agreement. (*Freasman v. Smith* (1942), 379 Ill. 79, 39 N.E.2d 367.) In *Freasman*, the court denied a petition for leave to intervene in a probate proceeding subsequent to the entry of a consent decree, stating:

> "It follows that the decree * * * having been entered as a

consent decree, it in no way prejudiced or injuriously affected the rights of appellant. He was neither a party nor privy to any party to that suit. It was not a decree pronounced by the court in the exercise of judicial function, but was only a contract between the parties to it. It is wholly ineffective as to all persons not parties to it. As to appellant, it was not an adjudication and he is not in any sense affected by it." (379 Ill. 79, 88.)

Petitioners' interests could not be affected by the decree and therefore they have no right to intervene in this case. They did not, by this decree, lose any right to challenge any future action regarding this parcel by the parties.

A review of the actual wording of the agreement concerning the Hickory Hollow right-of-way further demonstrates that the rights of nonparties were not infringed.

The consent decree does not make the acquisition of the Hickory Hollow right-of-way a taking; it is merely an agreement to take steps which may result in a taking. The parties merely agreed that annexation procedures will be commenced regarding the property. When the process to acquire the property is commenced, petitioners' interests may then be truly affected. Until then, the agreement among the parties regarding the right-of-way is no more than a plan of action affecting no one but the parties.

We conclude that on its face, petitioners' petition is insufficient, and, moreover, that the decree is merely an agreed order, or consent decree, and is not binding nor has the force of judgment on anyone but the parties. Further, we conclude that the terms of the agreement are not a final disposition of the property but merely an agreement to act toward its acquisition. As such, it affects no one beyond the signatories to that agreement. For the foregoing reasons, we affirm.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.