WARBUCKS INVESTMENTS LIMITED PARTNERSHIP, Plaintiff, v. ED-WARD J. ROSEWELL, Indiv. and as County Treasurer and *ex officio* Collector of Cook County, Defendant (Northern Illinois Industrial Properties, Inc., Intervening Petitioner-Appellant; Edward J. Rosewell, Collector of Cook County, Defendant-Appellee).

First District (5th Division)   No. 1—91—1586

Opinion filed January 22, 1993.

Bernard Allen Fried, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, Daniel E. Cannon, and Mark E. Repp, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This case involves an appeal by petitioner-intervenor, Northern Illinois Industrial Properties (Northern), of the May 1991 judgment of the circuit court upholding the constitutionality of the 1990 amendment to section 245 of the Revenue Act of 1939. Ill. Rev. Stat. 1991, ch. 120, par. 726.

On December 12, 1990, Warbucks Investments Limited Partnership (Warbucks) filed a complaint seeking a preliminary injunction as well as a declaratory judgment against Edward J. Rosewell, collector of Cook County (Collector). At issue was the constitutionality of the 1990 amendment to section 245 of the Revenue Act of 1939 and the rules and regulations which put the new provisions into effect. On December 21, 1990, the trial court denied the request for

injunctive relief and sustained the validity of the rules and regulations. This holding did not address the constitutionality of the amendment itself. Warbucks did not appeal. On January 4, 1991, Northern presented its petition to intervene as of right in this matter, and filed a motion seeking to declare the Act as amended unconstitutional. In its petition, Northern did not identify its interest in this litigation, its business or its corporate status. Further, Northern did not specify in its pleadings in what way its interest could not be adequately represented by the existing parties or in what way it would or might be bound by an order or judgment in the litigation as statutorily required in order to intervene. (Ill. Rev. Stat. 1989, ch. 110, par. 2—408.) Northern merely stated in its pleadings that there were other constitutional arguments it wished to present to the court concerning the validity of section 245 of the Revenue Act. In response, the Collector filed a motion to strike and dismiss Northern's petition to intervene for failing to meet the statutory requirements (Ill. Rev. Stat. 1989, ch. 110, par. 2—408) and a motion to strike and dismiss Northern's motion to declare the Act as amended unconstitutional.

Northern's response to the collector's motion did not address the Collector's challenge to Northern's petition to intervene, but rather, ignored it, and instead set forth extensive argument challenging the constitutionality of the amendments to section 245 of the Revenue Act. Thus, the allegation of the Collector in his motion to strike and dismiss Northern's petition to intervene that Northern failed to meet the statutory requirements to intervene (Ill. Rev. Stat. 1989, ch. 110, par. 2—408) stands unrefuted and thus admitted. (Ill. Rev. Stat. 1989, ch. 110, par. 2—610(b).) Nonetheless, by order entered April 15, 1991, the trial court allowed Northern's petition to intervene but denied its request for an order declaring the act as amended unconstitutional. Both Northern and the Collector appealed this judgment, the Collector still contending that Northern's intervention was improper, and Northern maintaining that the Act as amended was unconstitutional.

■■ Illinois law permits individuals to intervene in an existing action if they meet specified criteria. Pursuant to the Code of Civil Procedure, intervention is allowed:

> "(1) [W]hen a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be ad-

versely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer." Ill. Rev. Stat. 1989, ch. 110, par. 2—408.

The Joint Committee Comments to this section of the Illinois Code of Civil Procedure indicate that the above requirements are to be broadly construed. While "prior law" had severely limited the right to intervene, the present section provided a "modern intervention practice for Illinois analogous to that in other states and under the Federal Rules." Case law has further established that only where there is a clear abuse of discretion should a trial judge's determination of the right to intervene be reversed. *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 382, 415 N.E.2d 1034, 1038.

Thus, where the applicant has an enforceable or recognizable right and more than a general interest in the subject matter, the right to intervene has been upheld. (See *Maiter*, 82 Ill. 2d at 382, 415 N.E.2d at 1038 (where the Illinois Supreme Court upheld the right of parents of school children to intervene in a suit brought by school principals over eligibility lists).) Furthermore, the right to intervene has been upheld even where the petition requesting intervention has been filed after judgment, and after the time for appeal has run. *Avery v. Garbutt* (1974), 19 Ill. App. 3d 1001, 313 N.E.2d 274; but see *In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, 386 N.E.2d 462 (which held that intervention is usually only allowed before judgment, but that it could be allowed after judgment when necessary to protect the rights of the parties).

■ Although it is well settled that the intervention statute is remedial and should be liberally construed (*Board of Trustees, Barrington Police Pension Fund v. Department of Insurance* (1991), 211 Ill. App. 3d 698, 570 N.E.2d 622), the petitioner is nevertheless required to allege specific facts that demonstrate that he has a right to intervene. Allegations that are conclusory in nature and merely recite statutory language are insufficient to meet the requirements of section 2—408. Thus, where petitioners attempted to intervene in a suit challenging the validity of the annexation of certain parcels of land to the Village of Sleepy Hollow and argued only the statutory language, the appellate court upheld the trial court's determination that intervention should be denied. In its decision, the appellate court noted that petitioners had stated only that they were electors of the Village of Sleepy Hollow or residents of Dundee Township and that they would or might be affected by the

agreement at issue. Based only on the above general allegations, the appellate court determined that the petitioners' assertions were "conclusory" and did not demonstrate how petitioners had an interest in the subject matter and how they would be affected by the order at issue. (*People ex rel. Thomas v. Village of Sleepy Hollow* (1981), 94 Ill. App. 3d 492, 495, 418 N.E.2d 466, 469.) Similarly, in the case at bar, Northern's complaint and request to intervene (which was filed shortly after a final judgment in the original action) states only that the representation of its interests by Warbucks was "inadequate" as the Warbucks complaint was directed only to paragraphs 5 and 7 of the Cook County tax sales rules and regulations. This statement is not entirely correct. The Warbucks complaint was directed not only to the rules and regulations but to the constitutionality of the amendment itself. However, the order of the trial court disposing of the Warbucks complaint dealt only with the rules and regulations. Even though Northern asserts that the constitutionality issue was not fully developed by Warbucks, it still neglects to note not only its own specific interest in this matter, but also exactly how it would be affected by this amendment. In fact, Northern fails to state, until its appellate reply brief, that it is an Illinois corporation dealing in real estate. Additionally, for the first time in its reply brief (when it is too late for the Collector to challenge) Northern addresses the challenge to its intervention, stating that it "appropriately set forth its compliance with the required allegation for intervention."

Northern further asserts that "Warbucks' claim was never a class action but solely brought in the interest of Warbucks alone and no other entity." However, that assertion provides nothing in support of Northern's right to intervene since the trial court did not permit Northern to intervene on behalf of a class but only on its own behalf.

■ Although we recognize the trial court's broad discretion in granting a petitioner the right to intervene, we nevertheless hold that absence of any specific facts in Northern's complaint which would establish its identity and show how it would be affected by the amendment at issue is fatal to its petition to intervene. Accordingly, we find that the trial judge should have denied the petition to intervene. While we are not impressed with the meritoriousness of appellant's arguments, we refrain from giving these substantive issues consideration at this time, since we find that the petition to intervene was improperly granted.

Accordingly, we reverse that part of the judgment allowing Northern's intervention and vacate the trial court's findings regarding the constitutionality of the Act, as the particular constitutional challenges addressed in the trial court's order were only raised by Northern's pleadings.

Reversed in part, vacated in part.

GORDON, P.J., and MURRAY, J., concur.