# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of Vondra*, 2013 IL App (1st) 123025

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DAVID VONDRA, Petitioner-Appellee, and MIKA J. VONDRA, Respondent (Nicholas Vondra and Michael Vondra, Appellants; Eugenia Sabadaska, Plaintiff; and David Vondra, Individually and David Vondra as Trustee of the David Vondra Revocable Trust Dated November 20, 2007, Defendant). |
| District & No. | Frist District, Second Division<br>Docket No. 1-12-3025 |
| Filed | June 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly denied the motion of the parties' adult children to intervene in the marriage dissolution action, notwithstanding their contention that the divorce judgment might have an adverse effect on their interest in having their college expenses paid, since there was no settlement agreement providing for college expenses that gave the children rights they could enforce as third-party beneficiaries, provision for post-high school expenses is discretionary, not mandatory, respondent mother's request for educational expenses showed that she would adequately represent the children's interests, and the children's rights under section 506 of the Illinois Marriage and Dissolution of Marriage Act applied only to minors. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 10-D-10580, 12-CH-06686 cons.; the Hon. Carole K. Bellows, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Paul L. Feinstein, Ltd., of Chicago (Paul L. Feinstein, of counsel), for appellants. |
| | Deutsch, Levy & Engel, Chtrd., of Chicago (Melvyn H. Berks, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion. |
| | Justices Connors and Simon concurred in the judgment and opinion. |

**OPINION**

¶ 1     Appellants Nicholas and Michael Vondra appeal the order of the circuit court denying their motion to reconsider its determination that Nicholas and Michael have no standing to intervene in the marriage dissolution proceedings of their parents, David and Mika Vondra. On appeal, Nicholas and Michael contend the trial court misapplied the law and should have allowed joinder pursuant to section 2-406 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-406 (West 2010)), since a judgment in the proceedings regarding the payment of their college expenses could adversely affect their interests. Alternatively, Nicholas and Michael argue that the trial court should allow them to intervene as a matter of right in the dissolution proceedings pursuant to section 2-408 of the Code (735 ILCS 5/2-408 (West 2010)). For the following reasons, we affirm.

¶ 2                                    JURISDICTION

¶ 3     The circuit court entered its order on May 22, 2012. Nicholas and Michael filed a motion to reconsider on June 21, 2012, which the trial court denied on September 20, 2012.[1] The court also made a finding pursuant to Illinois Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)) that "there is no just reason for delaying appeal." Nicholas and Michael filed a notice of appeal on October 11, 2012. Accordingly, this court has jurisdiction pursuant to Rule 304(a) governing appeals from judgments entered below as to fewer than all parties or claims.

---

[1]They also filed a motion to certify a question of law pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), on May 22, 2012, which the trial court also denied on September 20, 2012. Nicholas and Michael do not challenge the denial of their motion to certify on appeal.

-2-

¶ 4                                      BACKGROUND

¶ 5      David Vondra filed for divorce from Mika on October 28, 2010. The parties have two adult children: Nicholas, who was born on December 18, 1992, and Michael, born on March 11, 1991. The divorce case is pending before the circuit court. Eugenia Sabadaszka, Mika's mother, also filed a claim in chancery against David seeking $68,000 for monies she contends belong to her. Her case was consolidated with David and Mika's divorce case.

¶ 6      On December 21, 2011, Mika filed a petition pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/513 (West 2010)). Her petition requests that David contribute toward the college expenses of Nicholas and Michael, as well as to Mika's living expenses while the children reside with her. In his response, David stated that Michael has assets totaling $85,832 and Nicholas has assets totaling $126,961, much of which is in a "college fund" for purposes of providing them a college education. He also alleged that Mika was alienating their children against him. Mika was granted leave to file an amended petition. On April 9, 2012, Nicholas and Michael filed a motion for leave to be joined pursuant to section 2-406 of the Code.

¶ 7      The trial court denied the motion on May 22, 2012, finding that Nicholas and Michael did not have standing under section 513 of the Marriage Act to bring their own claim since the dissolution proceedings are pending and no judgment of dissolution or settlement agreement yet exists. On June 21, 2012, Nicholas and Michael filed a motion to reconsider which the trial court denied on September 20, 2012. The trial court made a finding pursuant to Rule 304(a), and Nicholas and Michael filed this timely appeal.

¶ 8                                        ANALYSIS

¶ 9      Nicholas and Michael argue that they have standing to bring their own claim in their parents' divorce proceeding, and the trial court therefore erred in denying their motion to reconsider. Alternatively, they claim that the trial court should have allowed them to intervene as a matter of right. They contend the trial court misapplied the law because it did not consider the factors under which statutory joinder or intervention is mandatory. Since this particular case involves a motion to reconsider based solely on the trial court's misapplication of existing law, our standard of review here is *de novo*. *Bank of America, N.A. v. Ebro Foods, Inc.*, 409 Ill. App. 3d 704, 709 (2011). We are mindful that one of appellants' contentions involves the application of section 2-408 of the Code, and that a trial court's determination of whether to allow a party to intervene pursuant to section 2-408 is generally reviewed under an abuse of discretion standard. See *People ex rel. Hartigan v. Illinois Commerce Comm'n*, 243 Ill. App. 3d 544, 547-58 (1993). However, we find that our conclusion is the same under either standard.

¶ 10      Nicholas and Michael first contend that joinder is mandatory under section 2-406 of the Code because they have an interest that the divorce judgment may adversely affect. Section 2-406(b) provides that "[i]f a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct such person to be made a party." 735 ILCS 5/2-406 (West 2010).

¶ 11      Nicholas and Michael argue that in bringing their claim, they are trying to protect their

interests under section 513 of the Marriage Act. Section 513 allows the trial court to "make provision for the educational expenses of the child or children of the parties, whether of minority or majority age, and an application for education expenses may be made before or after the child has attained majority." 750 ILCS 5/513(a)(2) (West 2010). However, this provision for educational expenses is entirely discretionary. *In re Marriage of Spircoff*, 2011 IL App (1st) 103189, ¶ 11. See also *In re Marriage of Treacy*, 204 Ill. App. 3d 282, 286-87 (1990) (section 513 "does not mandate that divorced parents must in all cases provide their children with funds for post-high school education"). Furthermore, the Marriage Act itself "creates no right in a child to directly petition the court for benefits which are potentially available under [its] provisions." *Miller v. Miller*, 160 Ill. App. 3d 354, 356 (1987). Therefore, the trial court has no authority to consider an application for such expenses where the settlement agreement contains no specific provision for educational expenses. *Treacy*, 204 Ill. App. 3d at 288. A general provision for child support does not imply that college expenses are included. *Id*. at 287.

¶ 12    Instead, a child's right to enforce the educational expenses provision of the Act stems from his position as a third-party beneficiary to his parents' settlement agreement contract. *Miller v. Miller*, 163 Ill. App. 3d 602, 612 (1987). "[A] third party who is the direct beneficiary of a contract has standing to enforce the obligations for his benefit incurred under that contract." *Id*. Such an action is by nature a breach of contract action. *Spircoff*, 2011 IL App (1st) 103189, ¶ 21. Therefore, where the settlement agreement clearly provides for educational expenses, the child as third-party beneficiary to the agreement has standing to bring a claim to enforce his rights under the contract. *Id*. It follows that in order for a child to enforce such rights as a third-party beneficiary, his parents must have first executed a settlement agreement providing for educational expenses. Here, the Vondras' divorce is pending and the parties have yet to execute a settlement agreement. Mika has filed a petition for the children's college expenses but the trial court has not ruled on the petition. The trial court did not err in finding that Nicholas and Michael lacked standing to bring their claim and denying their request to join in their parents' dissolution proceedings.

¶ 13    Nicholas and Michael also argue that due process requires that they have "an opportunity to be heard" before potentially incurring loans or having to pay for college with their own funds. They have cited no cases in support of their argument. Their bare argument without support violates Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008), which provides that arguments "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Therefore, Nicholas and Michael have forfeited this argument on review. *Express Valet, Inc. v. City of Chicago*, 373 Ill. App. 3d 838, 847 (2007).

¶ 14    Alternatively, Nicholas and Michael contend that the trial court should have allowed them to intervene as a matter of right pursuant to section 2-408 of the Code. The trial court must grant a petition to intervene as a matter of right if (1) the petition is timely filed; (2) the representation by the parties already in the suit is inadequate; and (3) the party seeking intervention has a sufficient interest in the suit. *Schwechter v. Schwechter*, 138 Ill. App. 3d 602, 604 (1985). A petition to intervene is timely if filed prior to judgment. *Id*. at 604-05. Since the trial court here has not entered a judgment of dissolution, timeliness is not an issue.

¶ 15    Nicholas and Michael, however, question whether their parents will adequately represent their interests. They contend that Mika cannot adequately represent their interests because if she is unable to have David pay for their college expenses, "she may well prefer to have the children pay than to use her own resources." They also argue that "in theory" Mika and David could come to an agreement whereby she would accept more marital property "in exchange for not pursuing college contribution." In order to show inadequacy of representation, one must not engage in speculation but, rather, must allege specific facts demonstrating a right to intervene. *Warbucks Investments Ltd. Partnership v. Rosewell*, 241 Ill. App. 3d 814, 817-18 (1993).

¶ 16    Contrary to Nicholas and Michael's argument, the facts show that Mika will adequately represent their interests on this issue. As discussed, Mika has filed a petition for educational and living expenses. In the petition, she acknowledges that Nicholas and Michael have substantial funds in their accounts with Self Reliance Ukrainian American Federal Credit Union. However, she also alleges that David "has the financial resources to pay the entire educational expenses, including the living expenses sought for MICHAEL and NICHOLAS by this Petition." The petition requests timely and direct payment to Vondra "of the net tuition (after application of grants) fees, books, room and board and other expenses" for attendance at their respective universities. The petition does not seek contribution from Nicholas or Michael. In determining the adequacy of representation, the court compares the interests of the parties in the suit to the interests of the parties seeking to intervene. *Schwechter*, 138 Ill. App. 3d at 605. Mika's interests, as evidenced by her petition, are squarely in line with those of Nicholas and Michael on the issue of college expenses. See *In re Marriage of Lerner*, 316 Ill. App. 3d 1072, 1078 (2000) (mother who filed a petition seeking support for her disabled adult son adequately represented the son's interest). Since Nicholas and Michael have not shown an inadequate representation of their interest by Mika, the trial court did not err in denying their request to intervene as a matter of right.

¶ 17    Nicholas and Michael have also expressed concern about David's willingness to fund their college educations due to the poor relationship he has with them. "[I]t is well settled that the obligation to contribute to educational expenses is not conditioned upon a continued good relationship between parent and child." *In re Marriage of Houston*, 150 Ill. App. 3d 608, 615 (1986); *Gibb v. Triezenberg*, 188 Ill. App. 3d 695, 701 (1989). We can presume that the trial court, in determining David's obligation to pay for college expenses, will not dismiss that obligation based solely on the quality of David's relationship with Nicholas and Michael.

¶ 18    Nicholas and Michael further argue that under section 2-408 they have a discretionary right to intervene because "their claim and the main case have common questions of fact or law so they may be permitted to intervene." They do not elaborate on this argument. As stated above, parties seeking to intervene must allege specific facts demonstrating their right to intervene. *Warbucks*, 241 Ill. App. 3d at 817. "Allegations that are conclusory in nature and merely recite statutory language are insufficient to meet the requirements of section 2-408." *Id*.

¶ 19    Finally, Nicholas and Michael contend that they have a right to bring their own claim based on section 506 of the Marriage Act, which allows the trial court to appoint an attorney, guardian *ad litem*, or child representative to advocate for the rights of minor children in a

dissolution proceeding. 750 ILCS 5/506(a) (West 2010). They argue that section 506 gave them the statutory right as minors to representation in a divorce proceeding and "that right should not have been extinguished when they reached age 18." We are not persuaded by this argument. First, section 506 applies to minor children while Nicholas and Michael are over the age of 18. They provide no citations to any cases supporting their argument that section 506 applies to them even though they have passed the age of majority. In any event, the right to representation under section 506 is not mandatory. Rather, it is subject to the trial court's sound discretion "and the failure of the trial court to appoint a guardian *sua sponte* is not an abuse of discretion." *In re Marriage of Ricketts*, 329 Ill. App. 3d 173, 182 (2002).

¶ 20    We find that the trial court did not err in denying Nicholas and Michael's requests to join in this action pursuant to section 2-406 or to intervene under section 2-408, nor did it err in denying their motion to reconsider.

¶ 21    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 22    Affirmed.